IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

Case No. 4:25-CV-00069-M-RJ

PERFORMANCE AUTOMOTICE
GROUP, INC.,

    Plaintiff,

v.

FALLS LAKE NATIONAL INSURANCE
COMPANY,

    Defendant.

ORDER

This matter comes before the court on Defendant's Consent Motion for Remand. [DE 10]. This matter was removed from Sampson County Superior Court pursuant to 28 U.S.C. §§ 1441(b) and 1446. [DE 1]. In its motion, Defendant advises that after filing a notice of removal, "Defendant's counsel was made aware of facts indicating that Defendant's principal place of business is in North Carolina, such that there is no diversity of citizenship between the parties under [28] U.S.C. § 1332(a)." [DE 10] at 2. Accordingly, it seeks a remand order.

Under 28 U.S.C. § 1332, federal courts have original jurisdiction over cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States." § 1332(a). With certain exceptions, "Section 1332 requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). "For federal diversity jurisdiction purposes, a corporation is a citizen of the states in which it has been incorporated and in which it has its principal place of business." *Id.* at 102.

The parties in this case are both corporations. In its complaint, Plaintiff states that it is "incorporated under the laws of North Carolina with its principal office in Clinton, Sampson County, North Carolina[.]" [DE 1-1] at 5. As Plaintiff is incorporated and has its principal place of business in North Carolina, it is a citizen of North Carolina for diversity purposes. *See Cent. W. Va. Energy Co.*, 363 F.3d at 102. Considering these pleadings in light of the parties' joint stipulation that Defendant's principal place of business is in North Carolina—thus making it a citizen of North Carolina—the court finds that removal under §§ 1441(b) and 1446 was improper.

Defendant's motion is GRANTED, and this action is REMANDED to Sampson County Superior Court.

SO ORDERED this 12th day of May, 2025.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE